UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROL S. ANGLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1286 |
| ) | |
| PRECO ELECTRONICS, INC., and ) | |
| VANSCO ELECTRONICS, INC. ) | |
| ) | |
| Defendants. ) | |

## O R D E R

This matter is now before the Court on Defendant Vansco Electronics' ("Vansco") Motion to Dismiss. For the reasons set forth below, the Motion [#17] is DENIED.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted arise pursuant to Title VII, 42 U.S.C. 2000e.

## BACKGROUND[1]

Plaintiff, Carol Anglin ("Anglin"), was employed by Defendant Preco Electronics ("Preco") at its Morton, Illinois, facility from approximately February 2001 until October 2, 2003, when her employment was terminated. In June 2005, Preco sold its Morton facility to Vansco. Anglin contends that Vansco is the successor corporation to Preco.

On September 28, 2005, Anglin brought this action alleging that she was wrongfully terminated in retaliation for reporting, complaining about, and opposing conduct that she

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiff's Complaint and presumed to be true for purposes of resolving this Motion.

believed to be in violation of Title VII.  Defendant Vansco has now moved to dismiss the Complaint.  Anglin has filed her response, and this Order follows.

## DISCUSSION

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Vansco moves to dismiss the Complaint for failure to state a claim upon which relief can be granted.  Specifically, Vansco argues that the Complaint does not properly allege that she was an employee of Vansco at the time of her termination or that Vansco is a successor of Preco.

With all due respect, Vansco is demanding a level of specificity in the complaint that is not required under the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 8(a) does not require a claimant to set forth a detailed statement of the claim, but rather only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 103 (1957). A complaint need not plead legal theory, nor need it match facts to every element of a legal theory. Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998); Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir. 1988). Nor must a Title VII complaint contain specific allegations establishing a prima facie case of discrimination or comply with any heightened standard over and above the requirements of Rule 8. Swierkiewicz v. Sorema, 534 U.S. 506, 510-11 (2002). The Seventh Circuit has emphasized the "limited analysis appropriate on a motion to dismiss under Rule 12(b)(6)." Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998). General allegations of elements consistent with a claim, unsupported by factual allegations in support, are sufficient to satisfy the "minimal requirements of federal notice pleading." Id. at 328.

In her Complaint, Anglin alleges that she was an employee of Preco through the time of her termination and that Preco subsequently sold its Morton facility to Vansco. It is also clear from the language of the Complaint that she contends that Vansco is liable as the successor to Preco. This is sufficient to place Vansco on notice of the claim being asserted against it and survive the Motion to Dismiss.

Vansco argues that under Illinois common law, liability of a successor corporation is limited to factual situations not present in this case. However, this is not a motion for summary judgment based on a fully developed factual record, and whether Anglin will untimately be able to set forth evidence in support of the elements of her claims is not the proper inquiry at this stage of the proceeding. When viewed in the light most favorable to Anglin and construing all reasonable inferences in her favor, the Court cannot find that

there is no set of facts consistent with the allegations of the Complaint upon which relief could be granted. Accordingly, Defendant Vansco's Motion to Dismiss must be denied.

## **CONCLUSION**

For the reasons set forth above, Defendant Anglin's Motion to Dismiss [#17] is DENIED. This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 8th day of February, 2006.

                                               s/ Michael M. Mihm
                                               Michael M. Mihm
                                               United States District Judge